FLORENCE M. POLSEY, Appellant, *v.* WALDORF-ASTORIA, INC., Respondent, Impleaded with ROBERT H. PARKER, Defendant.

First Department, March 19, 1926.

Trial — verdict — tort action against two defendants — verdict returned against both defendants but damages were apportioned by jury — verdict is irregular in form and should have been against both defendants without apportionment — court could have sent jury back to correct verdict — court had power to correct verdict and direct verdict against all for largest sum found against any one — error to set aside verdict and order new trial.

In a tort action against two defendants, the verdict of the jury returned against both defendants but which apportions the damages is irregular in form, for in a tort action if the verdict is against the defendants, the jury does not have the right to apportion the damages.

It was error, however, for the court to set aside the verdict and to direct a new trial, since the court could have sent the jury back for the purpose of correcting its verdict, and furthermore, the court had the power, even in the absence of the jury, to correct the verdict by omitting the apportionment of damages and directing a verdict against all for the largest sum found against any defendant. MARTIN, J., dissents.

APPEAL by the plaintiff, Florence M. Polsey, from so much of an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 29th day of January, 1926, as denies plaintiff's motion to correct the verdict herein to have it read $4,500 against both defendants, and from so much of said order as grants defendants' motion to set aside the verdict on the ground that it is improper in form, and grants a new trial.

*Herman M. Frank,* for the appellant.

*E. C. Sherwood* [*Clarence S. Zipp* of counsel], for the respondent.

McAVOY, J. The order now here denied plaintiff's motion to correct the verdict rendered in this action and granted defendants' motion to set aside the verdict as improper in form, besides granting a new trial on the whole issue.

The verdict in this action was rendered in favor of plaintiff in the sum of $4,500 against the defendant Waldorf-Astoria, Inc., and in the sum of $500 against the defendant Robert H. Parker. The verdict was not then set aside on the ground that it was contrary to law or to the evidence, nor was it revoked on a motion made on the minutes of the trial, nor on any ground under section 549 of the Civil Practice Act. The defendants' motion to set aside the verdict on these grounds was specifically denied. The sole ground of setting aside the verdict was that it was improper in form in a tort action for the jury to bring in separate verdicts against each defendant or to apportion the damages.

The plaintiff's contention is that, while the jury's verdict is improper in form, it could have been corrected by the trial court and entered as a judgment in the sum of $4,500 against both defendants, eliminating the erroneous finding against one of the defendants for the sum of $500. Doubtless the learned court could have sent the jury back to make this correction under instructions. Joint tort feasors are generally liable for the whole sum found as damage liability, and their negligence cannot be apportioned by an award of different sums on any theory of the greater or lesser fault. The defendant Parker, who was assessed the $500 damages, has withdrawn and waived his notice of appeal and has served a notice withdrawing all appearance on his behalf.

The substance of the jury's verdict is undoubtedly that plaintiff

suffered damage in a certain amount through the fault of both defendants. That the jury erred in severing the damages is not gainsaid, but we are told that this error required that the verdict be set aside and the whole trial aborted. We conclude that the verdict rendered is merely erroneous in form, and that the court has the power to correct it, even in the absence of the jury, and that the severance of items of damage does not necessitate a new trial.

The rule announced has the support of logic and precedent. A review of some early authorities shows that no unusual or novel precedent is requisite to sustain this ruling. In Abbott's Civil Jury Trials (4th ed. p. 851) it is said by the learned author that the numerical weight of authority is to the effect " that such apportionment of the damages is an essential part of the verdict which cannot be regarded as surplusage." The power of the court to correct such an informality in the verdict, or to correct the entry thereof so as to make it conform to the real finding of the jury, is well established, according to that author. He also writes that in certain cases the court may even correct the verdict in substance to conform to instructions, where the jury has disregarded instructions in respect of the apportionment of damages.

*O'Shea* v. *Kirker* (8 Abb. Pr. 69) gives an exhaustive history of the subject of the court's power in this respect and finds, as a conclusion in an instance precisely similar, that if the jury in a tort action award the plaintiff $150 against one defendant, and $600 against the other defendant, the plaintiff is entitled to a judgment against both defendants for $600. The quotation governing this principle reads: " The decision in *Halsey et al.* v. *Woodruff*, 9 Pick. 555, seems to us but an application of the rules, that each is liable for the whole damage, and that there can be but one judgment against those united as defendants in the same action, and proved to be guilty of a joint tort. It follows logically, that judgment must go against all for the amount of damage established as the result of such joint tort. In that case the plaintiff entered a remittitur as to the lesser amount of damages. The same practice was pursued in *Bulkeley* v. *Smith and Keteltas* (2 Duer, 267; S. C. 1 id. 643). \* \* \*

" When, under a misapprehension of the rule forbidding a severance of the damage, the jury have in fact severed them, it is the right of the plaintiff to remit the lesser sum or sums, and take judgment against all for the larger sum.

" The party, by entering such remittitur [of the lesser sum], does not deprive either defendant of any substantial right. The issues have been tried in the presence of each defendant, in an action

to which he was a party, and upon such evidence as he chose to offer, and the actual damages caused by the joint tort, of himself and his codefendants, have been correctly found upon the evidence, and under an accurate application of the rules of law to the case. The judgment which follows as a necessary consequence, is declared by law. That judgment is a joint one against all for the damage caused by their joint tort.

" The entry of a remittitur is a matter of form: the entry of a joint judgment against all for the larger sum (the amount of the actual damage), and for that only, is, *per se,* an election to take judgment against all and for that sum only, and effectually remits all claim to the lesser sum, in addition to that for which the judgment is entered.

" The judgment should not be reversed merely because there is no formal entry on the record of a remittitur of the lesser sum. (2 Rev. Stats. 425, § 7, subdiv. 13, 14; Code, § 176;* *Bate* v. *Graham,* 1 Kern. R. [11 N. Y.] 237.)

" We therefore think it is quite clear, that if this action had been tried by a jury, and they had severed the damages as the referee has done, and a judgment like the one before us had  then been entered, it could not be reversed on the mere ground that it had been entered against all for the larger sum."

This seems to be an apposite case holding for the court's power to correct the error in form which has been made by the jury, and setting forth the obligation of the court to make the correction. The case of *Post* v. *Stockwell* (34 Hun, 373) is somewhat more recent, but no less explicit. There Presiding Justice DAVIS of the General Term said: " This action was brought originally against John C. Stockwell, the present appellant, and one Alfred J. Fisher, to recover damages for an injury alleged to have been sustained by the plaintiff by the negligence of the defendant's servants. Pending the action and before trial the defendant, Alfred J. Fisher, died, and an order was made continuing the action against Mary F. Fisher as administratrix. On the trial, a verdict was rendered by the jury in favor of the plaintiff for the sum of $750, ' to be divided equally between the defendants, that is $375 against each of them.' Upon this verdict, judgment was entered that the plaintiff recover of the defendant John  C. Stockwell the sum of $375 with $165.17 costs, amounting together to $540.17, as a several judgment against him, and that she have execution therefor, and that the plaintiff recover of the defendant Mary F. Fisher, as

---

* See 2 R. S. 424, 425, § 7, subds. 13, 14; Code Proc. § 176; Code Civ. Proc. § 721, subds. 11, 12; Civ. Prac. Act, § 109, subds. 11, 12.— [REP.

administratrix of the estate of Alfred J. Fisher, deceased, the additional sum of $375 with $138.75 costs, amounting together to $513.75, as a several judgment against her, and that the plaintiff have execution therefor. From this judgment, the defendant Stockwell alone appeals.

" The point is made that the receiving of the verdict in the form in which it was rendered was a mistrial and that the judgment should be reversed and a new trial ordered for that reason. The receiving of the verdict was not, however, a mistrial. According to the authorities the verdict was a valid one, but the judgment entered upon it was erroneous in form. The action is upon a joint liability, and the jury, by their verdict, assessed the plaintiff's damages at $750, which sum they proceeded to divide equally between the two defendants. This division should have been disregarded and judgment entered for the entire amount of the damages assessed."

He quotes then from *Halsey* v. *Woodruff* (9 Pick. 555), which is cited in the *O'Shea Case* (*supra*), where a jury in an action of trespass assessed several damages, and where the plaintiff was allowed to enter a remittitur as to the lesser damages and take judgment against all who were guilty of the joint wrong, for the greater damages. It is obvious that in such a case as this the verdict must necessarily find that both the defendants are guilty of the joint wrong, and though the jury ascertains the whole amount of the damages for that wrong and undertakes to distribute such damages between the defendants the court may, where a joint wrong is found to have been committed by all the defendants, direct that all be held liable for the greater sum of damages.

In an action for assault and battery (*Beal* v. *Finch*, 11 N. Y. 128) the damages were declared not divisible; and where a jury erroneously assessed different amounts, the plaintiff was given judgment against all who were guilty for the largest amount found against any one. In the last cited cause there is no lack of complete harmony even between the prevailing and dissenting opinions upon the rule announced in these precedents, that a plaintiff may remit the lesser sum of a verdict erroneously severed, and take judgment against all defendants for the larger amount. The prevailing opinion, per Judge PARKER recites: " In *Halsey et al.* v. *Woodruff* (9 Pick. 555), the jury, in an action of trespass, had, in their verdict, erroneously assessed damages against one defendant at $2, and against the other at $75, and the Court gave judgment against them for the larger sum. This was clearly right. The damages not being divisible, each defendant was liable for all the damages sustained, without regard to different degrees or shades

of guilt, and he would have been liable to the same extent if sued alone."

The dissenting opinion per Judge DENIO states his view: " The action in this case was for an alleged assault and battery. It was for a tort; and it belongs to the class of actions which are joint or several, at the election of the party injured. The plaintiff in this case elected to deal with it as a joint trespass, and he sued all the alleged wrongdoers. If he proved them all guilty, he was entitled to a joint verdict and judgment. Indeed, this is the only judgment he could have if he prevailed against all. If the jury should perversely give separate damages, it would be illegal, and the plaintiff would be entitled to judgment against all, for the largest amount of damages found against anyone. (*Halsey* v. *Woodruff*, 9 Pick. 555.)"

The Cyclopedia of Law and Procedure (Vol. 38, p. 492) deems the practice as founded on certitude: " Damages must be assessed in a single sum. They cannot be apportioned by the jury among defendants, for the sole inquiry open is what damages plaintiff has sustained, not who ought to pay them. Discrimination according to the relative enormity of the acts of each is not permitted. Should the jury assess different amounts, plaintiff should have judgment against all convicted for the largest sum found against any one of them, for where no punitive damages are claimed, plaintiff is entitled to a joint verdict for what the most culpable ought to pay."

*Post* v. *Stockwell* (34 Hun, 373, 375) points out that the error in the form of the jury's verdict " can be corrected by a direction either of this court [Appellate Division], or of the Circuit [Trial Term], making the judgment conform to the established rule in such cases." We adhere to the rule indicated there.

The order so far as appealed from should, therefore, be reversed, with costs, and judgment directed to be entered in favor of the plaintiff for the sum of $4,500 against both defendants, with costs.

DOWLING, MERRELL and FINCH, JJ., concur; MARTIN, J., dissents.

Order so far as appealed from reversed, with costs, and judgment directed in favor of plaintiff for the sum of $4,500 against both defendants, with costs.