ROSE FARBER, Respondent, *v.* MARIE DEMINO, Appellant, Impleaded with Another.

(Argued October 8, 1930; decided October 21, 1930.)

*Arthur N. Seiff* for appellant. The trial justice improperly changed the jury's verdict. (*Foy* v. *Barry,* 159 App. Div. 749; *Holley* v. *Mix,* 3 Wend. 350; *Bulkeley* v. *Smith,* 1 Duer, 643; *O'Shea* v. *Kirker,* 8 Abb. Pr. 69; *Lee* v. *McLaughlin,* 16 Civ. Pro. Rep. 151; *Beal* v. *Finch,* 11 N. Y. 128; *Polsey* v. *Waldorf-Astoria, Inc.,* 216 App. Div. 86; *Bonica* v. *Malone,* 220 App. Div. 749; *MacDonald*

v. *Kusch*, 188 App. Div. 491; *Simpson* v. *Perry*, 9 Ga. 508; *Dougherty* v. *Dorsey*, 4 Bibb [Ky.], 207; *Nashville R. & Light Co.* v. *Trawick*, 118 Tenn. 273; *Warren* v. *Westrup*, 44 Minn. 237; *Whitaker* v. *Tatem*, 48 Conn. 520; *Washington Market Co.* v. *Clagett*, 19 App. D. C. 12; *Tyrrell* v. *Lockhart*, 7 Blackf. [Ind.] 136; *Fort Worth, etc., R. R. Co.* v. *Enos*, 15 Tex. Civ. App. 673.)

*Arthur T. O'Leary* for respondent. The verdict was correctly entered against both defendants for $1,000. (*Post* v. *Stockwell*, 34 Hun, 373; *Polsey* v. *Waldorf-Astoria*, 216 App. Div. 86; *Wands* v. *City of Schenectady*, 171 App. Div. 94; *Schoat* v. *Marriott*, 119 Misc. Rep. 92; *MacDonald* v. *Kusch*, 188 App. Div. 491.)

CRANE, J. The plaintiff was injured while driving in the taxicab owned by Marie Demino, which came into collision with an automobile owned and operated by Gustav Albrecht. Action was brought against the two owners for joint negligence. The jury found for the plaintiff against the defendants $500 each, whereupon the judge addressed the jury as follows:

" Gentlemen of the jury, you are still here. This verdict which you have rendered reads ' Negligence on the part of both defendants for $500 each.' You intended that to mean that a verdict should be against each defendant separately for $500? Is that the construction that you place upon it?

" The Foreman: That is what we figured on it."

Thereupon a judgment was entered for $1,000 against both defendants. The amount should have been $500. If the jury in assessing the plaintiff's damages had brought in a verdict for the plaintiff for the sum of $500, the law would consider it as a verdict for $500 against each defendant. Under such a verdict each individual defendant is liable for the full amount until the plaintiff has received the amount awarded. Such a verdict would not mean that the plaintiff was entitled to $500 from each defend-

ant, making a total of $1,000. The liability of joint tort feasors is the amount of the judgment, but when this is once satisfied, the liability of any of the defendants is at an end. That contribution may be had in a proper case under section 211-a of the Civil Practice Act does not affect this question. What the jury, therefore, stated in reply to the judge was the conclusion which the law itself placed upon their verdict — $500 for the plaintiff, for which each was liable.

If, however, we should consider this as an attempt upon the part of the jury to give two separate verdicts, one against Demino for $500 and one against Albrecht for $500, the weight of authority would lead us to conclude that the rule of *de melioribus damnis* applied, and the judgment could only be entered for $500 against both defendants.

The application of this rule is more readily perceived if we assume that the jury had found a verdict against one defendant for $500 and against the other for $400. In such instances the courts have ruled that the plaintiff is entitled to the highest or best recovery as against all the defendants. Such was stated in *Beal* v. *Finch* (11 N. Y. 128, p. 135), and the rule applied in *Polsey* v. *Waldorf-Astoria, Inc.* (216 App. Div. 86); *Bonica* v. *Malone* (220 App. Div. 749); *Halsey* v. *Woodruff* (9 Pick. [Mass.] 555); *Rochester* v. *Anderson* (1 Bibb [Ky.], 439); *City of Birmingham* v. *Hawkins* (196 Ala. 127); *Simpson* v. *Perry* (9 Ga. 508). (See, also, 30 American Law Rep. Anno. 790, 797.)

The judgment of the Appellate Division and that of the Trial Term should be modified by reducing the amount of the judgment to $500 and costs, and as so modified affirmed, with costs to the appellant in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.