### DEXTONE CO. v. BUILDING TRADES COUNCIL OF WESTCHESTER COUNTY et al.
#### No. 361.

Circuit Court of Appeals, Second Circuit.
July 11, 1932.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Walter Gordon Merritt, of New York City, of counsel), for appellant.

Sydney A. Syme, of White Plains, N. Y., for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

For the purpose of this appeal, a very brief statement of the facts will suffice. A more complete account of the controversy between the parties may be found in Decorative Stone Co. v. Building Trades Council, 18 F. (2d) 333 (D. C. S. D. N. Y.), affirmed (C. C. A.) 23 F.(2d) 426. In that suit the present plaintiff, suing in its former corporate name, obtained a decree enjoining the present defendants from continuing the acts upon which the judgment herein is based. A similar decree was also rendered in a suit brought by the United States. Shortly thereafter the present action for damages was begun. The plaintiff was engaged in the production of cast stone in New Haven, Conn., which it shipped in interstate commerce to the metropolitan district of New York. The defendants conspired to exclude the plaintiff from this market by a course of conduct that violated the Sherman Act (15 USCA § 1 et seq.). This conspiracy in restraint of interstate commerce was formed in 1923 by the New York defendants. Two years later the Westchester defendants, namely, Building Trades Council of Westchester County and William J. McGeory, joined the combination. The trial court instructed the jury that, although the New York defendants were liable for all the damages caused by the conspiracy from its inception, the Westchester defendants were liable only for that part of the damages which accrued after they joined the combination. The jury returned a verdict assessing the plaintiff's total damages at $11,000, but finding the Westchester defendants liable for only $2,000 of that amount. Judgment was then entered as already described.

The principal error assigned relates to that portion of the charge which resulted in a verdict against the Westchester defendants for less than the entire loss inflicted upon the plaintiff. It is contended that every person who participates in a conspiracy is liable for everything done during the period of its existence regardless of the exact time at which he becomes a member or the extent of his participation. As applied to the circumstances of the case at bar where the Westchester defendants, knowing of the prior existence of the conspiracy, allied themselves with the New York defendants in order to promote the object for which it was organized, we think this contention is clearly correct. Lincoln v. Claflin, 7 Wall. 132, 138, 19 L. Ed. 106; United Mine Workers v. Coronado Coal Co., 258 F. 829, 838 (C. C. A. 8), reversed in 259 U. S. 344, 393, 42 S. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762, on grounds not affecting the validity of the rule; Eyak River Packing Co. v. Huglen, 143 Wash. 229, 255 P. 123, 126, 257 P. 638; Patch Mfg. Co. v. Protection Lodge, 77 Vt. 294, 60 A. 74, 80, 107 Am. St. Rep. 765; Jayne v. Loder, 149 F. 21, 30, 7 L. R. A. (N. S.) 984, 9 Ann. Cas. 294 (C. C. A. 3); and cases cited infra relating to entry of judgment upon the verdict. Indeed, the Westchester defendants cite no authority to the contrary, but now contend that there were "two separate and distinct combinations," with the first of which they had no connection. It is true they had no connection with the early activities of the combination in the sense of actively participating therein; but this is exactly what the rule does not require the plaintiff to prove. If the argument means that there were two distinct conspiracies, one relating to acts in New York City and the other to acts in Westchester County, it is without support in the record. The conspiracy was from the first ·to keep the plaintiff's stone out of the metropolitan area. In its early stages it was more effectively put into operation within the city than outside, and only after the Westchester defendants joined did it become thoroughly effective in Westchester county, but there is no evidence that there were two distinct conspiracies. Nor was the case tried on any such theory. Under the authorities above cited, the appellees' affiliation with the conspiracy was sufficient to render them liable for all

the damages it caused. The court erred in giving the instruction complained of.

It remains to determine what effect the error had and how it is to be cured. It resulted in the jury attempting to apportion the plaintiff's damages between the two groups of defendants and in the entry of a judgment for a different amount against each group. Such apportionment of damages and the judgment entered thereon were clearly wrong. In Washington Gas Light Co. v. Lansden, 172 U. S. 534, 552, 19 S. Ct. 296, 303, 43 L. Ed. 543, Mr. Justice Peckham wrote for the court: "All the defendants joined in a plea of not guilty, and the jury could not find a verdict of guilty against all, and apportion the damages among the several defendants by giving a certain amount as against the company and a certain other amount as against the individual defendants. Those of the wrongdoers who are sued together and found guilty in an action of tort are liable for the whole injury to plaintiff, without examining the question of the different degrees of culpability."

In the case at bar, the plaintiff elected to sue all the defendants jointly and to the extent of $9,115.55 it has procured a joint judgment against both groups of defendants. While the form of the jury's verdict was wrong in its attempted apportionment of damages, the meaning of their verdict was made entirely clear by questions put to them by the court. They found the plaintiff's total loss to be $11,000, and they found all the defendants guilty of the conspiracy. Indeed, as to the latter issue they were given a peremptory instruction; the only questions left to them being the amount of the plaintiff's loss and its apportionment between the two groups of defendants. The verdict therefore established the guilt of all the defendants and the total damages they caused the plaintiff by their wrongful combination. Hence the jury's attempt to apportion to the Westchester group only a part of the damages should have been ignored as surplusage, and judgment should have been entered for the full amount against all the wrongdoers. Such a defect in the verdict may be cured either by the trial court or by the appellate court without the granting of a new trial. Polsey v. Waldorf-Astoria, Inc., 216 App. Div. 86, 214 N. Y. S. 600; Farber v. Demino, 254 N. Y. 363, 365, 173 N. E. 223; Hall v. McClure, 112 Kan. 752, 212 P. 875, 30 A. L. R. 782; Simpson v. Perry, 9 Ga. 508; Halsey v. Woodruff, 9 Pick. (Mass.) 555; Olson v. Nebraska Telephone Co., 87 Neb. 593, 127 N.

W. 916; Lake Erie & W. R. R. Co. v. Halleck, 78 Ind. App. 495, 136 N. E. 39; cf. Ohio Valley Bank v. G. S. Bank & Trust Co., 11 F.(2d) 87 (C. C. A. 4); City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25.

There is in this no infringement of the constitutional rights of the litigants to a trial by jury such as vitiated the action of the appellate court in directing judgment non obstante veredicto in Slocum v. N. Y. Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029. As the Supreme Court has recently explained in Gasoline Products Co., Inc., v. Champlin Refining Co., 283 U. S. 494, 499, 51 S. Ct. 513, 75 L. Ed. 1188, the Slocum Case means that the Seventh Amendment does not permit the entry of judgment on a trial at law before a jury upon an issue of fact without the verdict of a jury, but it does not require a new trial of an issue once determined by a verdict according to law, even though another and separable issue must be tried again. In the present case the jury has determined the amount of the plaintiff's loss and the defendants' responsibility for it. Merely the form of their verdict was wrong, and we do not trespass upon the province of the jury in correcting that defect in form and ordering such judgment as should properly have been entered on such verdict. See Fort Scott v. Hickman, 112 U. S. 150, 165, 5 S. Ct. 56, 28 L. Ed. 636. There is no necessity for a new trial, for the erroneous instruction complained of did not affect the jury's determination of the total damages suffered by the plaintiff.

The attorney's fees were fixed by the court and not by the jury. In view of the foregoing argument, it is apparent that all the defendants should have been held jointly liable for the $10,000 allowed by the trial court as a reasonable fee.

Other errors assigned by the appellant do not require detailed discussion. It will suffice to say that we think the court's charge as to damages, aside from the instruction already discussed as to apportionment, was correct and adequate. If there was error in permitting the defendants to offer evidence in respect to their motives, it was cured by the charge that they must pay for the damage done plaintiff, even though they mistakenly thought they were doing right.

Judgment reversed, and cause remanded, with direction to enter a judgment against the Westchester defendants for $43,115.55.