WILLIAM KINSEY, Plaintiff, *v.* WILLIAM SPENCER & SON COR-
PORATION and FRANK SCOTTO, Defendants.

Supreme Court, Trial Term, Kings County, November 29, 1937.

*Max Schier* [*Louis Rothbard* of counsel], for the plaintiff.

*James E. Turner* [*Patrick J. McCann* of counsel], for the defend-
ant William Spencer & Son Corporation.

*Irving Katz,* for the defendant Frank Scotto.

Kadien, J. The plaintiff, while working on Pier 33, Brooklyn, N. Y., in the course of his employment with the Huron Stevedoring Corporation, was injured by a loading crane owned by the defendant William Spencer & Son Corporation and operated by the defendant Frank Scotto.

He brought separate actions against each of these defendants to recover damages for his personal injuries. These actions were tried together before a jury and this court. A sealed verdict was ordered upon stipulation of counsel, which provided also that the verdict should be opened in the absence of the jury. The verdict of the jury was in favor of the plaintiff against the defendant William Spencer & Son Corporation in the sum of $13,500 and in favor of the plaintiff against the defendant Frank Scotto in the sum of $250.

Counsel for the defendant Spencer Corporation moved to set this verdict aside and for a new trial upon all the grounds set forth in section 549 of the Civil Practice Act, except inadequacy, contending also that the verdict was inconsistent because of the different amounts awarded against the respective defendants; that it must be construed as a verdict for the lesser amount, and that the greater amount was excessive. Counsel for the defendant Scotto joined in this motion.

One of the issues which was sharply contested at the trial was whether the defendant Scotto, while operating the loading crane, was an employee of the Huron Stevedoring Corporation or of the Spencer Corporation. The court specifically charged the jury that if it found that Scotto was, at the time of the accident, in the employ of the Huron Stevedoring Company, then its verdict would have to be for the defendants; but if it found that he was at that time in the employ of the Spencer Corporation and the loading crane owned by it was operated negligently in the course of such employment, resulting in the injuries sustained, without any negligence on the part of the plaintiff contributing thereto, then it might find a verdict in favor of the plaintiff against both defendants.

It is evident that by its verdict in favor of the plaintiff against both defendants, the jury in substance found not alone negligence in the operation of the crane and plaintiff's freedom from contributory negligence, but also that the defendant Scotto operated the crane as an employee of the defendant Spencer Corporation at the time of the accident.

The jury was not instructed to bring in separate verdicts. Its attempt to sever or apportion the damages was " clearly beyond the scope of its duties." (*Wands* v. *City of Schenectady*, 171 App. Div. 94, 96.)

In actions against joint tort feasors where the jury has erroneously apportioned damages, a verdict thus rendered " is merely erroneous in form, and * * * the court has the power to correct it, even in the absence of the jury, and * * * the severance of items of damage does not necessitate a new trial." (*Polsey* v. *Waldorf-Astoria, Inc.*, 216 App. Div. 86, 88.) The rule in such cases is to omit the apportionment of the damages and direct a verdict against all defendants for the largest sum found against any defendant. (Id.)

As said by the Court of Appeals in *Farber* v. *Demino* (254 N. Y. 363, 365): " In such instances the courts have ruled that the plaintiff is entitled to the highest or best recovery as against all the defendants. Such was stated in *Beal* v. *Finch* (11 N. Y. 128, p. 135), and the rule applied in *Polsey* v. *Walford-Astoria, Inc.* (216 App. Div. 86); *Bonica* v. *Malone* (220 App. Div. 749); *Halsey* v. *Woodruff* (9 Pick. [Mass.] 555); *Rochester* v. *Anderson* (1 Bibb [Ky.], 439); *City of Birmingham* v. *Hawkins* (196 Ala. 127); *Simpson* v. *Perry* (9 Ga. 508). (See, also, 30 American Law Rep. Anno. 790, 797.) " (See, also, *Baker & Co., Inc.,* v. *Polygraphic Co. of America, Inc.*, 265 N. Y. 447.)

Although in the case at bar we have the master and servant relationship between the defendants, and not that of joint tort feasor, I am of opinion that the rule hereinbefore set forth is equally applicable. It is well settled that a release to one or more joint tort feasors without reservation as to the others, releases the others. (*Gilbert* v. *Finch*, 173 N. Y. 455, 466.) " Despite the fact the master and servant are not joint tort feasors, a release to one discharges the other. If that were not the case, we might have a situation where a party would settle with the master, then sue and recover against the servant, who would then be liable in a suit brought against him by the master, thus forcing him to pay twice for the one wrong." (*Gavin* v. *Malherbe*, 146 Misc. 51.)

As stated in *Brown* v. *City of Cambridge* (85 Mass. 474, 476), cited with approval in *Casey* v. *Auburn Telephone Co.* [4th Dept.] 155 App. Div. 66, 70): " It is an ancient doctrine that a release to one joint trespasser or a satisfaction from him discharges the whole. * * * The same doctrine applies to all joint torts and to torts for which the injured party has an election to sue one or more parties severally. Where for example a master is liable for the tort of his servant, a satisfaction from one discharges both, * * * The rule of law which makes one satisfaction or release a bar to further claims for the same tort is founded in good reason."

The nature and relation between master and servant was admirably described in the opinion of the Appellate Division, Second Department, per KAPPER, J., in *Fedden* v. *Brooklyn Eastern District Terminal* (204 App. Div. 741, 743), wherein it was said: " No joint tort feasor is sued for *imputed* negligence, but for his own *actual* negligence, and he can have ' no recourse on his fellow;' and when a party seeks to hold both servant and master in a negligence action, the latter under the *respondeat superior* doctrine, he sues the servant for his *actual* negligence and the master for his *imputed* negligence. (*Betcher* v. *McChesney*, 255 Penn. St. 394, 398.) ' In a case of strict negligence by a servant while employed in the service of his master, I see no reason why an action will not lie against both jointly. They are both guilty of the same negligence at the same time, and under the same circumstances; the servant *in fact,* and the master *constructively,* by the servant his agent.' (*Wright* v. *Wilcox,* 19 Wend. 343, 344.)" (See, also, *Phelps* v. *Wait,* 30 N. Y. 78.)

Whether the action be against joint tort feasors or master and servant, the plaintiff sues " for the same injury or tort, for there was but one tort, or injury, and the person injured can have but one satisfaction. This principle is tersely stated by MILLER, J., in *Lovejoy* v. *Murray* (70 U. S. [3 Wall.] 1, 17) as follows: ' But when the·plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damages.' " (*Casey* v. *Auburn Telephone Co., supra.*)

So, in the instant case, the plaintiff has sued for one injury — one wrong caused by the defendants, " the servant in fact, and the master constructively, by the servant his agent." So far as the plaintiff is concerned he can have but one recovery for his injuries against the defendants, be they joint tort feasors or master and servant. Such difference as may exist does not affect him. It merely affects the defendants *inter sese.* Were they joint tort feasors the one paying the judgment might be entitled to contribution from the other. (Civ. Prac. Act, § 211-a; *Farber* v. *Demino, supra; Martindale* v. *Griffin,* 233 App. Div. 510; affd., 259 N. Y. 530.) But since they are master and servant, the former may be entitled to recover of the latter the damages he may be obliged to pay to the plaintiff, since where " the fault of one is purely constructive or vicarious, indemnification will be allowed in favor of the constructive or vicarious tort feasor against the other whose fault is actual and personal." (*Iroquois Gas Corp.* v. *International R. Co.,* 240 App. Div. 432, 433.)

Again quoting from *Fedden* v. *Brooklyn Eastern District Terminal* (at p. 744): " Observing that a master may sue his servant over for liability imposed upon the former by law and by virtue of the relation, it would follow in such cases and in all cases where the liability is derivative or secondary, that by notice of the pendency of the action to the person primarily liable, and in this case to the servant, *the latter is bound by the result of the suit against the master.*" (Italics mine.)

In the case at bar the servant was actually sued for his negligence, and the issues against his employer and himself were tried and determined at the same time upon the same evidence and by the same jury. If he can be bound by the result of a suit against the master merely by notice given by the master of the pendency of the action (*Fedden* v. *Brooklyn Eastern District Terminal, supra*), he is no less bound by the verdict rendered by the jury, which adjudicated the plaintiff's rights against both. The fact that he has no right of contribution against the master, but the latter is entitled to recover from him all damages which he may be compelled to pay to the plaintiff, does not, in my opinion, alter the rule that a jury may not apportion damages in a tort action of this character, and where it does " the plaintiff is entitled to the highest or best recovery as against all the defendants " (*Farber* v. *Demino, supra*), which in the instant case is the sum of $13,500.

As to the contention that this sum is excessive, I am of opinion that there is sufficient evidence in the case to support it, particularly in view of the fact that the defendants did not offer any medical evidence. The court sees no reason why its judgment as to the amount of damages should be substituted for that of the jury.

The verdict is, accordingly, corrected to the sum of $13,500 in favor of the plaintiff against both of the defendants, and the defendants' motion to set it aside is in all respects denied with appropriate exceptions.