ROBERT E. RAPLEE, Respondent, v. CITY OF CORNING et al., Appellants.

Fourth Department, July 10, 1958.

*Ralph S. Cramer* for Village of Horseheads and another, appellants.

*Joseph J. Nasser* for City of Corning and another, appellants.

*Albert E. Hollis* for respondent.

GOLDMAN, J.  Defendants appeal from a judgment recovered by the plaintiff, pursuant to a jury verdict construed by the trial court to be for $25,000, as a result of plaintiff being shot by a revolver fired by defendant George W. Page, chief of police of the defendant Village of Horseheads.

The shooting of plaintiff occurred while defendant Page, in the company of a State trooper and defendant Webster who was a police officer of defendant City of Corning, was investigating a series of forgeries which occurred in Chemung County.  Defendant Page was in fact looking for one Blake, and in company with the others went to the apartment of the plaintiff who defendant Page thought was Blake.  Plaintiff offered to take the police officers to Blake and it was on this mission that the shooting of the plaintiff took place.

The record indicates several irregularities which require that the verdict be reversed.  The interests of justice will best be promoted by granting a new trial as to all of the parties.  We have considered all of the points raised by the appellants but believe that only three of them require any comment in arriving at our determination that there should be a new trial.

The only testimony with reference to wounding of plaintiff indicates that the bullet of defendant Page's gun penetrated the plaintiff's left thigh midway between the knee and the hip.  Except for the scar left by the bullet entering the front and emerging from the back of the leg, there is no medical proof of any permanent injury.  Medical and hospital bills amounted to $50 and $68 respectively.  There is absent of record any probative evidence of any other special damages which the jury could consider.

We believe the verdict necessarily rests upon the awarding of punitive or exemplary damages.  This is evident from the amount of the verdicts and the manner in which they were

reported by the jury. The foreman made the following statement: "We find that the jury — by a unanimous verdict the jury has found both guilty of assault and recommendation of damages of $15,000 George Page and Village of Horseheads, and $10,000 Arthur Webster and the City of Corning."

After a conference in chambers, the court asked the jury the following questions:

"You return a verdict against the Village of Horseheads and Officer Page in the sum of $15,000? A. Yes.

"THE COURT: And you say that is unanimous. And you return a verdict of $10,000 against the City of Corning and Arthur Webster and that is unanimous? A. Yes."

The clerk's minutes recite a verdict for plaintiff against Village of Horseheads and George W. Page for $15,000 and a verdict against the City of Corning and Arthur Webster for $10,000. The trial court in the memorandum denying various motions of defendants directed the clerk to enter a verdict against all defendants in the aggregate sum of $25,000.

The verdicts should not have been accepted and dealt with in this way. There was in fact no verdict of $25,000 against all of the defendants and it came about only by order of the court. Even if we should assume that the jury intended to return a verdict of $25,000 against all defendants the amount is clearly excessive in the absence of exemplary damages. Although the complaint did not ask for exemplary damages, it was within the authority of the court to have presented that question to the jury in the light of the proof presented if the court's charge had clearly instructed the jury in this connection. The question whether a municipality may be held accountable for exemplary or punitive damages in the absence of statutory sanction is not free from doubt. (See authorities collated in Ann. 19 A. L. R. 2d 903 *et seq.* and in 38 Am. Jur., Municipal Corporations, § 663.) No exception was taken to the charge as to exemplary damages in the instant case and as a general rule the charge would, therefore, become the law of the case. (*Antonsen* v. *Bay Ridge Sav. Bank,* 292 N. Y. 143, 146.) *Young* v. *Village of Potsdam* (297 N. Y. 712) has been cited as authority for allowing punitive damages against a municipality but in that case, like the instant one, no exception was taken to the court's charge and thus we find no positive answer there to this problem. There is little question that defendant Page individually, upon proper proof, could be held for punitive damages. The problem as to this type of damages against defendant Webster, if chargeable with any damages on the record before us, is highly questionable. (See, generally, on

the subject, *Krug* v. *Pitass,* 162 N. Y. 154; 13 A. L. R. 1339; 62 A. L. R. 244; *Green* v. *Kennedy,* 48 N. Y. 653; *Costich* v. *City of Rochester,* 68 App. Div. 623; *Hawkins* v. *Kuhne,* 153 App. Div. 216, affd. 208 N. Y. 555; cf. *Young* v. *Village of Potsdam,* 297 N. Y. 712, *supra*; *Flamer* v. *City of Yonkers,* 309 N. Y. 114.) On a new trial the charge should be in accord with the authorities herein cited and if the question of exemplary damages is submitted we would suggest that the jury find specially as to each defendant both as to compensatory and exemplary damages. It must also be borne in mind, however, that there can be but a single verdict as against all joint tort-feasors insofar as compensatory damages are involved.

As we have indicated the better practice where a jury attempts to apportion a verdict against joint tort-feasors would be to send the jury back for further consideration under adequate instructions. We have not overlooked the cases which are authority for the proposition that under certain circumstances where there is a verdict in different amounts plaintiff may be entitled to a verdict against all the defendants in the highest amount found. (*Baker & Co.* v. *Polygraphic Co. of Amer.,* 265 N. Y. 447; *Kinsey* v. *Spencer & Son Corp.,* 165 Misc. 143, 147, affd. 255 App. Div. 995; see, also, *Farber* v. *Demino,* 254 N. Y. 363, 365; *Klepper* v. *Seymour House Corp.,* 246 N. Y. 85, 98–99; *Warner* v. *New York C. R. R. Co.,* 52 N. Y. 437.) Such procedure may not be followed, however, where exemplary damages are involved unless all defendants are chargeable therefor. (Cf. *Polsey* v. *Waldorf-Astoria,* 216 App. Div. 86.)

In his opening remarks to the jury, plaintiff's counsel informed them of unsuccessful efforts made in behalf of defendant City of Corning to procure a release from the plaintiff. This was promptly objected to by counsel for all appellants who immediately moved for a mistrial. That the court was concerned with the prejudicial effect of this matter was evidenced by the reserving of his decision upon this motion. Thereafter, in the absence of the jury, plaintiff's counsel made his offer of proof with respect to the purported release negotiations. The trial court properly denied plaintiff's right to go into the matter, and once again reserved decision on the renewal of the motion for a mistrial. Despite such a denial of the offer of proof, the persistent efforts by plaintiff's trial counsel to press this extraneous and highly prejudicial matter upon the jury denied to the appellants a fair trial. (Cf. *Smith* v. *Satterlee,* 130 N. Y. 677; *Grogan* v. *Dooley,* 211 N. Y. 30.) This conduct by experienced trial counsel is regrettable and

should be avoided on a subsequent trial. The trial court, in ultimately denying the motion for a mistrial, tried to dissipate the prejudice created by the improper references to the release by unequivocal instructions to the jury, but this did not eradicate the harmful effect of what had been said.

In view of our determination that a new trial should be had it may be well to mention in passing certain items to be considered upon the retrial. Plaintiff's attempt to prove loss of earnings was not in accord with the rules in the admission of such proof. Plaintiff testified that he was a tree surgeon, self-employed or in partnership, at the time of the shooting. There was no evidence introduced as to prior earnings and the only testimony submitted was with respect to gross earnings in 1956 subsequent to the injury sustained. The testimony thus received, in our opinion, was inadmissible. (*Ehrgott* v. *Mayor of City of N. Y.*, 96 N. Y. 264; *Leeds* v. *Metropolitan Gas-Light Co.*, 90 N. Y. 26; see, however, *Smith* v. *Satterlee*, 130 N. Y. 677, *supra*.) There is no competent evidence in the record as to loss of earnings.

Justice requires that the judgment and order be reversed and a new trial ordered as to all appellants.

All concur, except KIMBALL and WILLIAMS, JJ., who concur in the reversal of the judgment and new trial as to the defendants Village of Horseheads and Page but vote for dismissal of the complaint as to defendants City of Corning and Webster, on the ground that no cause of action is made out against these defendants.

Present — McCURN, P. J., KIMBALL, WILLIAMS, GOLDMAN and HALPERN, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.