George D. Ogden, J.
The jury before which the above-entitled negligence action was tried reported, “We find Mrs. Yorke {sic) is entitled to $3,060 distributed on a 60-40 basis; 60%, Mr. Thurmon and 40%, Mr. Gorecke ”, The court advised the jury that it could not apportion the amount between these two defendants, and after again having retired, the jury reported that it found in favor of plaintiff against both defendants in the amount of $4,000'; this was recorded by the clerk of the court as the jury’s verdict, and the jury answered in the affirmative the clerk’s question “ that is your verdict, so say you all ”?
CPLR 4111 states, ‘1 A general verdict is one in which the jury finds in favor of one or more parties ”, and CPLR 4112 “When the jury renders a verdict, the clerk shall make an entry in his minutes ” (italics supplied). Quoting from White v. Hussey (76 N. Y. S. 2d 924, 926): “ In their first report the jury did not render a verdict that was legal, or which could be permitted to stand. The Court refused to accept it as a verdict and it was never entered or recorded as a verdict. The jury was not released or discharged, and the issues in the cases were still in their hands for consideration and for the rendition of proper verdict ”. In Gould v. Baldwin (55 Misc 2d 917, 919) the court stated, in quoting' from other cases, “ ‘ It is a general rule, that no verdict is of any force but a public verdict given in open court; until that is received and recorded there is no verdict ’ ”. (See, also, De Vito v. Knettel, 32 Misc 2d 656.)
The cases of Kinsey v. Spencer & Son Corp. (165 Misc. 143, affd. 225 App. Div. 995, affd. 281 N. Y. 601); Polsey v. Waldorf-Astoria (216 App. Div. 86), and Josephson v. Wilbrew (15 A D 2d 533) are distinguishable as in each of these cases the jury awarded damages in different amounts against each of the defendants sued, such verdicts being entered by the clerk and judgments entered thereon. As was said in Polsey v. Waldorf-Astoria (supra, p. 87), “Joint tort feasors are generally liable for the whole sum found as damage liability, and their negligence cannot be apportioned by an award of different sums on any theory of the greater or lesser fault ”. The other grounds urged by defendants on this motion are without merit.
Defendants’ motion in all respects is denied.