CORA E. SCHOAT, Plaintiff, *v.* ROBERT H. MARRIOTT and FRED MAKEY, Defendants.

Supreme Court, Monroe County, July, 1922.

**Trial — action in tort — verdict that each defendant pay half the damages corrected and entered against them for full amount — surplusage — motion and orders.**

In an action in tort against two defendants a verdict in favor of plaintiff for a gross amount with direction " that each defendant should pay one-half thereof " will be corrected by striking out the words attempting to divide the damages, as surplusage, and a judgment on the corrected verdict entered against the defendants for the full amount of damages awarded.

The order to be entered upon granting the motion to correct the verdict will recite the denial of motions for a mistrial upon the ground that the verdict as rendered was void and to set aside the same on all the grounds stated in section 549 of the Civil Practice Act, except that it was inadequate.

MOTION by plaintiff to strike certain words from the verdict of the jury as surplusage.

Motion by defendant to set aside the verdict and for a new trial.

*Robert E. Keefe,* for plaintiff.

*Frederick W. Oliver,* for defendant.

THOMPSON, J. By stipulation, a motion to strike from the verdict as surplusage words attempting to apportion the damages between the defendants has been held to this time. The jury have found that the plaintiff has been damaged in the sum of $500 and that each defendant should pay one-half thereof. Here, also, is a motion by one of the defendants to set aside the verdict upon the ground that it is excessive and contrary to the evidence.

It is evident that the jury in making up their verdict were of the impression that they must fix the degree in which they found each defendant responsible for the accident and the ensuing damages. Their error might easily have arisen from a misconception of the instructions of the court and the evidence on the trial, both of which were largely devoted to the questions contested by the

two defendants, the claim of each being that the other was solely at fault.

Be that as it may, the verdict as delivered clearly indicates the amount of the damages, which must be given effect; and that defendants were, in the jury's judgment, equally chargeable for the accident. Their conclusion that, therefore, each should pay one-half of the damages, although very natural and logical, cannot be given effect here.

The difficulty is that one defendant may be execution proof; probably a contingency not counted by the jury. In such case, of course, the solvent defendant must pay the whole. This is the law, and the jury cannot change it by verdict. But their finding is clear and covers the situation perfectly; in effect they decide that the plaintiff was free from contributory negligence; that the defendants were equally negligent and they appraise the damages.

They have found the issue, and, with the offending words taken away, the verdict is in all respects complete and responsive to the facts and the submission. The motion to strike out the part of the verdict attempting to sever the damages between the defendants is, therefore, granted. 27 R. C. L. 853.

Defendants' motion to set aside the verdict upon the grounds of excessiveness and being contrary to the evidence is denied.

The verdict rendered by the jury with the words of surplusage stricken out must stand. This case is very different from one in which the words sought to be stricken out as surplusage might be construed to impeach or modify the verdict as finally allowed to stand. In this case the contrary appears, the rejected words only operating to support the verdict as now composed. *Nashville Railway & Light Co.* v. *Trawick*, 10 L. R. A. (N. S.) 191.

Thus we see that in an action for tort against two defendants, a verdict in favor of the plaintiff for a gross amount, directing that the amount be divided equally between the two defendants, should be corrected by striking out the words attempting to divide the damages as surplusage, and a judgment on the corrected verdict should be entered against both defendants for the full amount of the damages awarded. *Post* v. *Stockwell*, 34 Hun, 373.

So that there may be a proper record in this case, the order to be submitted may recite the denial of motions by defendant for a mistrial upon the ground that the verdict as rendered is void, and to set aside the verdict on all of the grounds stated in section 549 of the Civil Practice Act, except that it is inadequate. So ordered.

Ordered accordingly.