MARGARET CARRIG, Plaintiff, *v.* CLARA OAKES and Others, Defendants.

Supreme Court, Cattaraugus County, April 16, 1940.

*William J. Brock*, for the plaintiff.

*Clive Wright*, for the defendants Clara Oakes and Amor Oakes.

*Harold J. Adams*, for the defendant John H. O'Hern.

JAMES, J. The question here presented arises upon a motion made on behalf of the defendant O'Hern to amend the verdict of the jury in which motion the defendants Oakes joined. The facts pertinent to the motion are, briefly, as follows.

The action is for personal injuries alleged to have been sustained by the plaintiff as a consequence of the negligence of the defendants in respect of the operation of two motor vehicles, she being a passenger in the car owned and operated by O'Hern which came into collision with a car owned by Amor Oakes and operated by Clara Oakes, his wife. The cause having been tried and submitted to the jury, the jury, after deliberation returned into court and the following proceedings took place: " By the Foreman: We find both defendants guilty of negligence and we return a verdict for Mrs. Carrig of $5,500 to be paid equally by Mr. O'Hern and Mr. and Mrs. Oakes. By the clerk: Members of the jury, listen to your verdict as it stands recorded in the minutes of the Court in the action of Margaret Carrig against Clara Oakes, et al. You say you find a verdict in favor of the plaintiff Margaret Carrig and against Clara Oakes and her husband and Mr. O'Hern in the sum of $5,500. So say you each and all? By the jurors: Yes." Thereupon the jury was discharged.

On behalf of the defendants the claim is made that the facts show an apportionment or an attempted apportionment of the damages as between the defendants, and that the result follows legally that the verdict is for $2,750 against all defendants, and that it should be amended so as to express that result.

I find myself unable to agree with this contention.

In the first place, the report made by the jury upon its return to the court after its deliberations have been concluded is not a verdict. It is the material from which the verdict is to be formulated unless it is improper in substance. Improprieties of form only can and should be corrected under the direction of the court before the verdict is recorded, and it is the verdict as recorded and as assented to by the jury, expressly or tacitly, which constitutes the actual verdict in the case upon which the judgment of the court is based. (*Selig* v. *Alexander*, 155 App. Div. 322; *Warner* v. *New York C. R. R. Co.*, 52 N. Y. 437; 64 C. J. p. 1059, § 860, and cases cited.)

Here the foreman reported the finding of the jury to the effect that both defendants were negligent and that the plaintiff's damages were $5,500, and then added that those damages were to be paid equally by the defendant O'Hern and the defendants Oakes. The clerk construed this report as meaning that the verdict to be recorded was in favor of the plaintiff and against all the defendants for the sum of $5,500, and inquired of the jury whether that was their verdict, to which inquiry they answered in the affirmative, and the verdict was accordingly so recorded in the minutes. Under the authorities, the verdict so recorded is the only verdict in the case, and the statement by the foreman reporting the findings of the jury is not their verdict.

Under the circumstances, the construction placed upon the foreman's report by the clerk is the correct one. The legal effect of the jury's finding is that both sets of defendants were negligent, the plaintiff was free from contributory negligence, and the amount of the damages sustained by the plaintiff was $5,500. The attempt of the jury to go further and state the proportions in which the two sets of defendants should pay those damages was beyond the power of the jury and is to be regarded as surplusage and, therefore, rejected. The jury were explicitly instructed by the court that if they find both sets of defendants negligent it was not within their power to apportion the damages but their verdict should be for a single sum against all defendants, and the finding as reported by the foreman was, therefore, in conflict with the explicit instructions of the court.

That an unwarranted attempt by the jury to apportion damages as between defendants where the verdict otherwise fully settles the

issues tried may be rejected as surplusage is decided in the following cases: *Post* v. *Stockwell* (34 Hun, 373); *Schoat* v. *Marriott* (119 Misc. 92); *Polsey* v. *Waldorf-Astoria, Inc.* (216 App. Div. 86); *Wands* v. *City of Schenectady* (171 id. 94).

The cases in which the court has directed that a verdict be entered against all defendants for the largest sum found by the jury as against one defendant are all, with one exception, based upon a quite different form of verdict, namely, a verdict in which the jury found separate amounts against separate defendants instead of finding the plaintiff's total damages. The typical case of this character is *Kinsey* v. *Spencer & Son Corp.* (165 Misc. 143; affd., 255 App. Div. 995; affd., 281 N. Y. 601). Such a verdict is capable of the construction that the jury fixed the plaintiff's damages at the largest amount found against any defendant, and the verdict to be recorded is, therefore, one for that amount. The exception to this situation is *MacDonald* v. *Kusch* (188 App. Div. 491), where the verdict was for " $9,000 or for $4,500 each," the meaning of which is somewhat doubtful. On this finding the court directed the entry of a verdict of $4,500 against both defendants, but the opinion shows that the point involved was given but slight consideration by the court. Judge MILLS, who wrote the opinion, explicitly stated that he had made no attempt to look up the authorities upon the subject. I cannot consider this decision as having any authority. The decisions from other jurisdictions cited on behalf of the defendants are not, in view of the trend of authority in this State, controlling.

My conclusion is that the motion to amend the verdict must be denied.