J. Kenneth Serve, J.
The jury reported a verdict for money damages for both plaintiffs against the defendant Baldwin. (The action against the defendant Navarra had been dismissed at the close of the plaintiffs’ case.) The defendant has moved to set aside the verdict on the ground that it is against the weight of evidence.
While the members of the jury were in the deliberation room, one of the officers in charge of the jury brought to the court in chambers a written, unsigned message from the jury. The message stated:
“We find the defendant was negligent in not locking the truck — •
‘ ‘ Mr. Gould should be awarded entire amount—
$871.00
40.50
$911.50 approx.”
Upon receipt of this message and prior to the jury’s coming into the courtroom to report the verdict, the court sent for the attorneys for the respective parties. However, a delay ensued because one of the attorneys had left the courthouse and was having his lunch in a downtown restaurant. When both attorneys were available, the court in chambers informed them of the contents of the jury’s message. Thereafter the court and the attorneys went into the courtroom and the court directed that the jury be brought into the courtroom to report their verdict.
When the jury assembled in the courtroom the foreman stated, “We find the defendant was negligent ”, and then the foreman went on to state the amount of the money damages awarded. Unlike the written message the announcement of the verdict in the courtroom by the foreman did not specify in what manner the defendant was found negligent. No request was made to have the jury polled. The Clerk entered the verdict in the following manner: ‘ ‘ Defendant was negligent and award the full amount $871.00 for Glass to John B. Gould,
40.50 Damages, Goulds Flowers, Inc.
$911.50”
The Clerk read aloud to the jury the verdict as entered by him and then asked the jury, “ Is that your verdict?” and the jury in unison answered “ Yes ”.
*919 The defendant contends in his memorandum that the jury returned a verdict stating “ We find the defendant was negligent because he did not lock the truck He claims the specification of the defendant’s negligence in the message from the jury indicated an act of negligence which the evidence failed to show was a proximate cause of the accident. To dispose of the defendant’s motion it must first be determined what constituted the verdict of the jury. Is it the unsigned written message sent to the court, or the verdict as announced by the foreman in open court and in the presence of the jury and entered by the Clerk in the minutes as set forth above %
“ It is a general rule, that no verdict is of any force but a public verdict given in open court; until that is received and recorded there is no verdict ”. (Labar v. Koplin, 4 N. Y. 547, 550.) The same principle was applied in the case of Carrig v. Oakes (173 Misc. 793, 794, affd. 260 App. Div. 989) when it was stated “ It is the verdict as recorded and as assented to by the jury, expressly or tacitly, which constitutes the actual verdict in the case upon which the judgment of the court is based.” In the case of Brigham v. Olmstead (10 A D 2d 769) the court in referring to the subject of the jury’s verdict commented that “ Not until inquiry is made of the whole jury, not merely the foreman, as to their verdict, and it is dnly entered by the Clerk is the verdict complete. Until it is thus announced there is no verdict. ’ ’
The message from the jury and delivered to the court in chambers did not constitute the verdict. It was merely a notification to the court that the jury was ready to report their verdict. There is no indication that the message was read to the other members of the jury and that it was assented to by them prior to its being sent to the court. The specification of the negligence stated in the message may have been only the finding of the unidentified writer of the message.
It is the verdict as entered and recorded by the Clerk and assented to by the jury in open conrt which constitutes the actual verdict in this case. Such verdict is a general verdict and it does not contain any specification as to the manner in which the jury found the defendant negligent. This general verdict of negligence is not against the weight of evidence. The motion to set aside the jury’s verdict is denied.