KNOLL, Judge.
Carol A. O’Quinn filed suit against Kansas City Southern Railroad Company and its insurer, Commercial Union Insurance Company, to recover damages received by her as a result of a vehicular accident which occurred on March 10,1982. Kansas City Southern Railroad and its insurer stipulated to liability. A jury determined quantum.
The only issue presented on appeal pertains to the validity of the judgment. The form of the jury verdict read as follows:
“WE FIND FOR CAROL A. O’QUINN
Special Damages _
General Damages $_
Total $_
Date Foreperson”
After deliberation, the jury filled in the blanks with special damages of $2,100 and general damages of $2,000. The figures were totaled to $4,100, and the foreperson signed and dated the verdict in the appropriate places. Beneath the foreperson’s signature appears the phrase “1,700 for repairing the car to Walker Oldsmobile $380 medical bill.”
When the court’s clerk read the verdict, the language which appears after the foreperson’s signature was also read. At the plaintiff’s request the jury was polled and all jurors indicated that this was their verdict.
After the jury was dismissed, plaintiff’s attorney examined the verdict sheet questioning whether the language following the foreperson’s signature was intended to be an additional award. Plaintiff suggested that the trial judge contact the jury foreperson to determine the jury’s intent but the trial judge observed the jury panel was already dismissed and the jury had left. The trial court concluded that the jury verdict was correctly stated in that portion of the verdict which appeared before the foreperson’s signature. A formal judgment was signed in accordance with the $4,100 jury award. This appeal followed.
The plaintiff argues that there are inconsistencies in the jury verdict (between the total, general and special damages and the writing following the foreperson’s signature) and that as a result no valid judgment could have been entered. We disagree.
The form of the verdict was a general verdict. The jury was not requested to *1319 state special written findings upon each issue of fact. LSA-C.C.P. Arts. 1811 and 1812. Under the factual setting of the case sub judice, LSA-C.C.P. Art. 1812 was inapplicable. Under these facts it was not required that the trial judge return the jury for consideration of its answers or that a new trial be ordered.
The laws of this state do not require a special form for a general verdict. The test of sufficiency of form for a verdict is whether it decides the issues in question. In the instant case the only issue was damages. In its jury instructions the trial court stated:

“Under Louisiana law, a person is entitled to recover damage which he or she incurs in an accident caused by another. The damages are generally broken down into two types. One. type is called special damages. Special damages include loss or damage to property, medical expenses and other out of pocket expenses that result from the accident. The other type of damages are referred to as general damages, and these refer to the injuries received by the person. General damages include the injury itself and whatever results from the injury, such as physical and mental pain and suffering, embarrassment, inconvenience, loss of mobility, physical disability, and other such things that a person might suffer because of his or her injuries.

In awarding damages you should take into consideration past and future physical pain, disability, suffering and inconvenience arising from the accident.

Damages must be established by a preponderance of the evidence. You are not entitled to award speculative damages. ”
The record reflects that the only two categories proved at trial for special damages covered plaintiffs medical bills ($367.00) and auto repair ($1736.60) for a total of $2103.60. The jury awarded special damages of $2100.00. These figures are reconcilable and consistent with the special damage award filled in, above the foreperson’s signature.
The plaintiff argues that the language which appears after the foreperson’s signature renders the verdict confusing and uncertain. We disagree. From our prior discussion we find this phrase to be simply an elaboration of the jury award for special damages. There were no other special damages to be awarded. When a jury verdict contains findings which are not essential to a determination of the issues presented and the jury verdict in all other respects is responsive to the issues, the additional findings may be deemed surplus-age. Wallis v. Bazet, 34 La.Ann. 131 (1882). We will sustain a jury verdict which is internally consistent with the issues presented or when its meaning is certain.
Accordingly, we accept the trial court’s construction of the verdict. The language which the jury included after the signature of the foreperson is not in conflict with the general verdict and may be overlooked as irrelevant.
For the foregoing reasons we affirm the judgment of the trial court. All costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.