KNOLL, Judge.
Lola Paye Mouton filed suit against Joey P. Dominique, his employer, The Analysts Inspection Services, Inc., and its insurer, Travelers Indemnity Company (hereafter defendants), to recover damages for personal injuries she sustained in an automobile accident. Defendants filed a third party demand against Mouton’s husband, contending that his negligence was the sole cause of the accident, however, defendants stipulated liability at trial. Thus, the sole issue presented is whether the jury’s award of $25,000 for future doctor and hospital expenses was excessive when Mouton’s doctor and hospital expenses were $799.45 as of the date of trial. For the following reasons, we affirm.
FACTS
The accident occurred on September 15, 1979, in Lafayette wherein the car in which Mouton was a passenger was rear-ended by Dominique. As a result of the accident, Mouton sustained a neck injury. Prior to the accident, Mouton had a serious neck condition that caused her to seek medical treatment in Houston, Texas. Her doctors performed two operations, the first in 1979, which was a laminectomy between the fifth and sixth vertebrae in the neck, and the second to put steel pins in the back of her neck. In June of 1979, she was rehospital-ized for therapy treatment to stretch the muscles in her neck. After receiving therapy, she was off medication, healed and feeling well.
The accident, which occurred just a few months later, reinjured her neck causing her to seek further medical treatment from her doctors in Houston. They advised her that she had a ruptured disc that required surgery. She did not have the operation because she could not afford it. Since the accident, Mouton has been in chronic pain.
Dr. Irvin Lister, an expert in the field of chiropractic, saw Mouton on one occasion, approximately two weeks after the accident. His x-rays of Mouton’s neck reflected a reduction of the intervertebral space between the fifth and sixth vertebrae indicating a possible disc lesion. He opined that whether there was a protrusion of the disc or that it was prolapsed required further study, but it definitely was a disc problem.
JURY VERDICT
The defendants contend that since Mouton incurred medical expenses of only $799.45, the award of $25,000 for future medical was excessive. The defendants base their contention on the surplus language on the general .verdict form which reads:

*1097 Surplus language does not form part of the jury’s verdict. O’Quinn v. Kansas City Southern R.R., 442 So.2d 1317 (La.App. 3rd Cir.1983). Under the doctrine of utile per inutile non vitiatur, surplus language does not render a jury verdict invalid. Wallis v. Bazet, 34 La.Ann. 131 (1882). Disregarding surplus language is in accord with federal jurisprudence, Anderson v. Penn Hall Co., 47 F.Supp. 691 (M.D.Penn.1942), as well as in the jurisprudence of other states. See Carrig v. Oakes, 173 Misc. 793, 20 N.Y.S.2d 585 (1940). Further, where a general verdict awards a lump sum, any speculative itemization of the award is improper. Ellis v. Allstate Ins. Co., 453 So.2d 1209 (La.App. 5th Cir.1984). In accord see Towns v. Georgia Cas. & Sur. Co., 459 So.2d 124 (La.App. 2nd Cir.1984).
In the case sub judice, the record is void of any evidence that the form of the jury verdict or the jury deliberation was improper. The surplusage was handwritten by someone. The defendants assume it was by one of the jurors because the language appears on the verdict form. However, there is no evidence that the surplus-age was written by a juror. Therefore defendants’ contentions are not supported by any evidence, but are purely speculative. Nevertheless, if a juror did write the surplus language, we find that the language must be disregarded and is not part of the general verdict form.
Therefore, we will consider the defendants’ contention of excessiveness based on the jury’s total award of $38,000.
It is well settled that before we can disturb the jury’s award, the record must clearly reveal that the trier of fact abused its much discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Mouton testified that she has been in constant pain since the accident, a period of 4½ years. Her pain is so severe that her doctors prescribed pain medication that she has been taking since the accident. Although her doctors recommended surgery, she testified: “... I am hurting so bad I can’t hardly stand it, but I can’t have the surgery because I don’t have the money. It is $2,000 just to get into the hospital.”
As aforestated, Mouton had a serious neck condition prior to the accident. What might have been an uneventful neck injury as a result of a rear-end collision for one without a prior neck condition was not Mouton’s good fortune. Mouton presents a classical case for the application of the doctrine “you take your victim as you find him.”
The jurors were well instructed by the learned trial judge in their consideration for a damage award should they find in favor of Mouton. His instructions, in pertinent part, stated:

“If you should decide that the plaintiff(s) is entitled to damages, in awarding damages to the plaintiff(s) you may take into consideration and you may award damages for the pain and suffering that plaintiff, has endured, the time that she was confined, and if you determine that her injuries are permanent, you may consider any pain and suffering, any inconvenience and discomfort that you feel she may endure in the future, and you may consider expenditures for medical bills, hospital bill, and the like.

You may consider past and future incapacity and disability.

* * * * * *

Physical and mental pain, anguish and suffering are elements of damage. When the injury is such as to leave a future disability or impairment, a plaintiff is likewise entitled to recover for such past and future disability, discomfort and inconvenience, as well as the physical and mental anguish resulting therefrom.

* 3e # * ⅜5 , *

In determining what, if any, award should be given plaintiff(s) for the aggravation of a pre-existing condition, should you find such, you should keep 
*1098
in mind that a tortfeasor must take his victims as he finds them. The duty of care and of abstaining from injuring another is due to the weak, the sick, the infirm, equally with the healthy and strong; and when that duty is violated, the measure of damage is the injury inflicted, even though that injury might have been aggravated, or might not have happened at all, but for the peculiar physical or mental condition of the person injured. ”

After our careful review of the record, we find that the jury did not abuse its much discretion in awarding Mouton $38,-000 for the neck injury she sustained.
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to the defendants.
AFFIRMED.