| ¡WHIPPLE, J.
This case is before us on remand from the Louisiana Supreme Court for reconsideration in light of White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97); 699 So.2d 1081. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
On August 23, 1992, plaintiff sustained injuries as a result of a “slip and twist” accident which occurred at a Wal-Mart store located in Hammond, Louisiana. The accident occurred when plaintiff slipped on a brown liquid substance on the floor and twisted his body sharply to the left to keep from falling. Immediately, plaintiff felt a “twitch” in his back accompanied by pain, which soon subsided. He informed a Wal-Mart employee in the area that there was a liquid on the floor but did not tell her that he had slipped. Plaintiff told his fiance’, Sabrina, who was with him at the store, and a friend he saw in the store that he had slipped.
Plaintiff and his wife, Sabrina, filed suit against Wal-Mart.[1] Trial by jury was held June 20 — 21, 1996. After hearing the evidence, the jury returned a verdict in favor of plaintiff and against Wal-Mart for the following amounts: past pain and suffering — $10,000.00; past mental and emotional pain and suffering — $5,000.00; past loss of enjoyment of life — $1,000.00; medical expenses — $12,611.00. Although requested by plaintiff, no awards were made by the jury for future physical, mental and emotional pain and suffering, or for future loss of enjoyment of life. Also, no award was made to Sabrina for loss of consortium. The jury allocated 55% fault to Wal-Mart and 45% fault to plaintiff.
| a All parties moved for a judgment notwithstanding the verdict (JNOV). Plaintiff sought a reduction of the fault allocated to him by the jury and an increase in damages. Sabrina sought an award for loss of consortium. Defendant sought a reduction of the fault allocated to it by the jury and, alternatively, a reduction in the award made by the jury for medical expenses. Following a hearing on the motions, the trial court granted plaintiffs motion on the issue of quantum only, increasing the jury’s general damage award to plaintiff from $16,000.00 to $150,000.00. Defen-, dant’s motion was denied.
Defendant, Wal-Mart, appealed the lower court’s judgment asserting eight assignments of error, and plaintiff answered the appeal, asserting two assignments of error. In an unpublished opinion, this court, relying on Welch v. Winn Dixie of Louisiana, Inc., 94-2331 (La.5/22/95); 655 So.2d 309, affirmed the lower court’s judgment by decision dated November 8, 1996. Tantillo v. Wal-Mart Stores, Inc., 96-0401 (La. App. 1st Cir.11/8/96).
Defendant then applied to the Louisiana Supreme Court for review. While the application was pending, the Louisiana Supreme Court decided White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97); 699 So.2d 1081, which reversed the Supreme Court’s decision in Welch, 94-2331; 655 So.2d 309. Subsequently, the Louisiana Supreme Court granted the writ application, vacated and set aside this court’s decision of November 8, 1996, and remanded the case to this court for reconsideration in light of the White decision. Tantillo v. Wal-Mart Stores, Inc., 96-2934 (La.11/7/97); 703 So.2d 30.
l40n remand the defendant, Wal-Mart, asserts four assignments of error, including that the trial court erred in finding plaintiff carried the burden of proving constructive notice, pursuant to LSA-R .S. 9:2800.
*306 LIABILITY OF WAL-MART
The applicable burden of proof for a plaintiff in a claim against a merchant is set forth in LSA-R.S. 9:2800.6, which at the time of plaintiffs accident provided as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damáges as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable bare.
(2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.
| r;Since the statute uses the mandatory “shall” and the conjunctive “and” in listing these elements, a plaintiff must prove all three sections: (B)(1), (B)(2) and (B)(3). White, 97-0393 at p. 4, 699 So.2d at 1084. Thus, LSA-R.S. 9:2800.6 places the burden of proof on a plaintiff to prove that a slip and fall occurred due to a condition on defendant’s premises which presented an unreasonable risk of harm, that the risk of the harm was reasonably foreseeable, that defendant either created the condition or had actual or constructive notice of the condition prior to the occurrence, and that the defendant failed to exercise reasonable care. Stevens v. Winn-Dixie of Louisiana, 95-0435, p. 4 (La.App. 1st Cir.11/9/95); 664 So.2d 1207, 1210.
We first examine whether Wal-Mart had constructive notice of the hazard created by the spill upon which plaintiff slipped. Louisiana Revised Statutes 9:2800.6 defines constructive notice to include situations where the “condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.” The supreme court discusses the requirements of this provision as follows:
The definition is ... clear and unambiguous. There is a temporal element included: “such a period of time ...” The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Though there is no bright line time period, a claimant must show that “the condition existed for such a period of time ...” Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, *307 there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes Lor hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.
White, 97-0393 at pp. 4-5, 699 So.2d at 1084-1085. In our prior opinion in this matter, we relied on the supreme court’s pronouncements in Welch v. Winn-Dixie Louisiana Inc., 94-2331 (La.5/22/95); 655 So.2d 309, which minimized the temporal element of LSA-R.S. 9:2800.6 in certain circumstances. The White court specifically overruled Welch, stating:
The fatal flaw in the Welch decision is that there was no showing of any period of time as required by the statute. As the dissent pointed out, there was not a scintilla of evidence of the pre-existence of the spill and by finding constructive notice based on a lack of uniform, mandatory clean-up procedures, the Court effectively shifted the burden to the defendant merchant to prove that it acted reasonably. Welch, 655 So.2d at 319 (Kimball, J., dissenting). As previously discussed, the statute provides for no such shift. The Court in Welch does allude to the temporal requirement of constructive notice; however, the holding implicitly deletes the requirement by finding constructive notice with no showing of time by the claimant. The Court stated, “The length of time a foreign substance is on the floor diminishes in relevance if the defendant merchant has no mechanism in place to discover such a hazard.” Id. at 318. While the length of time may arguably diminish in relevance under some circumstances, it certainly does not diminish to the point of being eliminated. The Court correctly stated, “it was unnecessary to show precisely how long the foreign substance was on the floor ...” but then goes on to find constructive notice without any showing whatsoever of any period of time that the substance was on the floor prior to the fall.
The remaining basis for the Welch decision is that the fact-finder could have disbelieved the defendant’s evidence of the absence of a spill some minutes prior to the fall. The disbelief of positive evidence is not evidence of the contrary. Rather, even if entirely discredited, it is merely a complete lack of any evidence. The claimant bears the burden to show that the condition existed for some period of time. Requiring the defendant to disprove its existence is again a shifting of the burden which is impermissible under the statute.
Because La. R.S. 9:2800.6(B) clearly and unambiguously requires the claimant to prove each of its three subsections with no shifting of the burden, and because in order to prove constructive notice the statute clearly and unambiguously requires that the claimant prove that the damage causing condition existed for some period of time prior to the occurrence, we overrule Welch, 655 So.2d 309, which allowed |7for a finding of constructive notice absent a showing that the condition existed for some period of time prior to the occurrence and which provided for a shifting of the burden to the defendant merchant to prove it exercised reasonable care.
White, 97-0393 at pp. 5-6, 699 So.2d at 1085.
Plaintiff testified that when he slipped, he was heading toward the sporting goods section to find a friend. He described the substance on the floor as being ten to twelve inches wide and dark in color. Plaintiff testified that after he slipped, he informed an employee in the area that there was a spill on the floor but that the employee appeared uninterested. Plaintiff had no idea how long the spill had been on the floor. Importantly, no other *308 witness testified as to how long the spill had been on the floor or whether the spill appeared to be an old spill.
To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. White, 97-0393 at p. 7, 699 So.2d at 1086. As in White, plaintiff herein presented no evidence that the liquid was on the floor for any length of time. Applying the principles set forth in White, this complete lack of evidence falls far short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence. White, 97-0393 at p. 7, 699 So.2d at 1086. Thus, we must conclude that the trial court erred in finding Wal-Mart at fault. In so holding, we find it unnecessary to address the parties’ other assignments of error.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court in favor of plaintiff, Salvador P. Tantillo, Jr., and against defendant, Wal-Mart | sStores, Inc., is hereby reversed. All costs of this appeal are assessed against plaintiff.
REVERSED.

. Plaintiff and Sabrina were married subsequent to the accident but prior to the filing of suit. Although technically both are plaintiffs, we have referred to Salvador Tantillo as "plaintiff’ throughout this opinion.