LGUIDRY, J.
In this action arising from a slip in an AutoZone store, plaintiff, Dianna James, appeals the trial court’s judgment in favor of the defendants, AutoZone, Inc. and Liberty Mutual Insurance Company (collectively “AutoZone”), dismissing her claims with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On March 15, 2000, Ms. James and her daughter went to an AutoZone store in Franklin, Louisiana, to purchase antifreeze. In making her way to the section of the store where the antifreeze was located, Ms. James slipped in brake fluid, which had been spilled on the floor shortly before Ms. James’ arrival. However, Ms. James did not actually fall, as she was able to catch herself with her daughter’s assistance. Ms. James then continued shopping for the antifreeze and proceeded to the check-out area, where she purchased the antifreeze and reported her slip to AutoZone employees. At that time, however, Ms. James did not indicate that she was hurt as a result of the slip.
Thereafter, Ms. James filed a petition for damages against AutoZone, claiming that she suffered injuries as a result of slipping in its Franklin store. A jury trial was held; at the close of trial, the jury rendered a verdict in favor of AutoZone, and the trial court signed a judgment pursuant to that verdict, dismissing Ms. James’ claims. Ms. James now appeals from that judgment, asserting that the trial court erred in finding that AutoZone exercised reasonable care and in failing to award her any damages.
DISCUSSION

Standard of Review

The determination of whether AutoZone exercised reasonable care is a factual determination, which is subject to the manifest error standard of appellate review. As such, a court of appeal may not set aside a trial court’s or jury’s finding | sunless it is clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). When there are two permissible views of the evidence, the factfin-der’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell, 549 So.2d at 844.
*165 Ms. James, however, argues that our review should be de novo, because the jury verdict was erroneous, inconsistent, and confusing. In particular, Ms. James contends that the jury was confused by the jury verdict form and that this confusion, which she alleges is evidenced by the notes sent to the court during deliberations and a final note sent with the final jury verdict, resulted in an erroneous jury verdict. It is well settled that misleading or confusing interrogatories may constitute reversible error. However, the manifest error standard of appellate review may not be ignored unless the proposed jury interrogatories are so inadequate or incorrect as to preclude the jury from reaching a verdict based on the law and the facts. Doyle v. Picadilly Cafeterias, 576 So.2d 1143, 1153 (La.App. 3rd Cir.1991).
In the instant case, prior to submission to the jury, it was discovered that question number two on the jury verdict form and the instructions that followed did not make sense as written. The question and instructions read:
Did AutoZone exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition after learning of the unreasonable risk presented by the oil spill?
[[Image here]]
|4(If your answer to Question 2 is ‘Yes,” go to Question 3. If your answer to Question 2 is “No,” stop here, do not answer any other questions, sign this form and return to the courtroom.)
Therefore, in order to have the form make sense, the court, with approval of the parties, inserted by hand the words “fail to” into question number two.
Once the case was submitted to the jury, there were several exchanges between the jury and the court regarding the case. At one point, the jury sent a note to the court asking why the words “fail to” had been written on the form. The court responded to the jury’s question by sending a note back indicating that the words were inserted to correct a typographical error in the form and also indicated it was sending in a corrected verdict form. The corrected form merely retyped question number two so that the words “fail to” . actually appeared in the question. A short time following this exchange, the jury returned the verdict, finding that AutoZone did not fail to exercise reasonable care.
From our reading of the record, any confusion presented by the yerdict form was dispelled by the subsequent exchanges between the court and the jury. As indicated above, the court clearly explained the reason for the changes to the verdict form and even sent in a corrected verdict form for the jury to review. Further, the record shows that the jury answered question number two on both the original verdict form with the handwritten notation and the corrected verdict form in the negative.
However, Ms. James argues that despite these efforts, the jury was still confused, as evidenced by a note that was sent to the court along with the final jury verdict. In this note, the jury stated:
We do not feel legally AutoZone is responsible for the cause of her condition, but we do feel more could have been done in a more[1] timely manner by Auto-Zone and that Ms. James should be awarded the $19,367.00 suggested by the defense.
Is We find, however, that this note does not form part of the jury verdict itself, but rather is surplus language. The verdict form as marked responded to the issues presented before the jury. The extraneous remarks contained in the note were not essential to ■ a determination of the *166 issues presented, because once a finding was made on reasonable care, it was not necessary for the jury to come to a conclusion on causation or damages. See O’Quinn v. Kansas City Southern Railroad, 442 So.2d 1317, 1319 (La.App. 3rd Cir.1983). Therefore, from our review of the record, we do not find confusion of the jury or any inadequacy of the jury interrogatory that would warrant ignoring the manifest error standard of review.

La. R.S. 9:2800.6

The law governing negligence claims brought against merchants, which results from accidents caused by a condition existing on or in the merchant’s premises, is La. R.S. 9:2800.6,[1] which provides in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on the merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1)The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or 1 fiverbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
On appeal, Ms. James contends that the jury erred in determining that AutoZone exercised reasonable care. Merchants are required to exercise reasonable care to protect those who enter the establishment, to keep the premises safe from unreasonable risk of harm, and to warn persons of known dangers. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Harrison v. Horseshoe Entertainment, 36,294 (La.App. 2nd Cir.8/14/02), 823 So.2d 1124, 1128.
In the instant case, the jury was presented with the testimony of two AutoZone employees, as well as the testimony of Ms. James. The store employees testified that a group of teenagers caused a display of brake fluid to fall just prior to Ms. James entering the store. The employees also testified that prior to Ms. James’ arrival, they had started to pick up the bottles from the floor, discovered some liquid on the floor, marked off the general area with two or three warning cones, and wiped the wet area with paper towels. The employees explained that at the time Ms. James entered the store, most of the bottles had been scooped up into a pile to enable them *167 to rebuild the display, and store employees were in the area finishing their efforts to pick up and clean the spill. Additionally, while Ms. James was in the store, a store employee was retrieving a mop and bucket, so as to thoroughly clean the area of the spill.
Ms. James, however, testified that when she entered the store, she did not see any warning cones or a mop. However, Ms. James testified that she was in a hurry and walking quickly through the store. Ms. James stated that she did not even know her daughter was behind her until she slipped and reached out, looking for something to grab.
|7Based on our review of the record and the conflicting versions as to what Auto-Zone had done or was doing to clean up and warn customers of the spill, we are unable to say that the jury was manifestly erroneous in determining that AutoZone did not fail to exercise reasonable care in its efforts. Because we find no error in the jury’s finding regarding reasonable care, we pretermit Ms. James’ assignment of error regarding the trial court’s failure to award damages.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed, and all costs of this appeal are to be borne by the appellant, Dianna James.
AFFIRMED.

. In the instant case, Ms. James did not actually fall; she slipped and caught herself. This court, however, has applied La. R.S. 9:2800.6 to actions where the claimant never actually falls, but merely slips. See Tantillo v. Wal-Mart Stores, Inc., 96-0401 (La.App. 1st Cir.6/25/99), 739 So.2d 304.